| DISTRICT COURT, FREMONT COUNTY, STATE OF COLORADO<br><br>Court Address: 136 Justice Center Rd., Suite 103<br>Canon City, CO 81212 | DATE FILED: November 21, 2016 6:14 PM<br>FILING ID: E2C88FAC84E48<br>CASE NUMBER: 2016CV30161 |
|---|---|
| Plaintiff: MARY NAZZISE<br><br>vs.<br><br>Defendants: MARK ROBERTS and DELL PEOPLES d/b/a DELCO SERVICES | ▲COURT USE ONLY▲ |
| Erica A. Vecchio, #36983<br>Franklin D. Azar & Associates, P.C.<br>1128 Eagleridge Blvd.<br>Pueblo, CO 81008<br>Phone Number: (719) 544-8000<br>Fax Number: (719) 545-4357<br>E-Mail: vecchioe@fdazar.com<br><br>Attorney for Plaintiff | Case No.<br><br>Division: |

**COMPLAINT**

Plaintiff, by and through her attorneys, Franklin D. Azar and Associates, P.C., and Erica A. Vecchio, for her Complaint against the Defendants, states and alleges as follows:

## I. PARTIES, JURISDICTION, AND VENUE

1. This lawsuit arises from an auto collision that occurred in Fremont County on February 25, 2015.

2. Plaintiff is an individual and resident of the State of Colorado.

3. Upon information and belief, Defendant Mark Roberts, hereinafter Defendant "Roberts" is an individual and resident of the State of Oklahoma.

4. Upon information and belief, Dell peoples d/b/a Delco Services, hereinafter "Defendant Dell" is a corporation doing business in the State of Texas.

5. Venue is proper the County of Fremont pursuant to C.R.C.P. 98(c)(1) as the accident and injuries occurred in Fremont County, Colorado.

EXHIBIT A

## II. General Allegations

6. The collision occurred on February 25, 2015 at approximately 7:15 AM.

7. Defendant Roberts was driving a 2014 Kenworth Semi-Truck.

8. Plaintiff was driving a 2007 Saturn.

9. Defendant Roberts was traveling westbound on Colorado Highway 50

10. Defendant Roberts was attempting to turn left onto Highway 115.

11. Plaintiff was traveling northbound on Highway 115.

12. Defendant Roberts had an obligation to drive safely.

13. Defendant Roberts had an obligation to perform an adequate pre-trip inspection of his vehicle unit.

14. Defendant Roberts had an obligation to maintain safe equipment.

15. Defendant Roberts had an obligation to refrain from driving with unsafe equipment.

16. Defendant Dell had an obligation to provide and maintain safe equipment.

17. Defendant Roberts, upon attempting to turn, lost rear wheels and hubs.

18. Plaintiff collided with the wheels and hubs.

19. Plaintiff attempted evasive action to avoid the collision.

20. The collision caused damage to Plaintiff's vehicle.

21. The collision caused total damage to the Plaintiff's vehicle.

22. Plaintiff had no way of avoiding the collision.

23. No third person caused the collision.

24. Colorado State Patrol investigated the collision.

25. Plaintiff incurred injuries, losses, and damages as a result of the collision.

26. Plaintiff's injuries, losses, and damages were caused by Defendants' negligence.

27. Defendant Roberts drove his vehicle without due regard for the safety and maintaince of the vehicle.

28. Defendant Roberts was driving carelessly at the time of the collision.

29. Defendants' actions were the cause of the collision.

## FIRST CLAIM FOR RELIEF

**(Negligence)**

30. Plaintiff incorporates all prior allegations as though fully set forth herein.

31. The collision involving Plaintiff was caused by the negligence of Defendant Roberts.

32. The collision was caused by the negligence of Defendant Dell.

33. As a direct, proximate, and foreseeable result of the negligence of Defendants, Plaintiff suffered physical injuries.

34. As a direct, proximate, and foreseeable result of the negligence of Defendants, Plaintiff suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills in amounts to be determined at the time of trial.

35. As a direct, proximate, and foreseeable result of the negligence of Defendants, Plaintiff will suffer future economic and non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

**SECOND CLAIM FOR RELIEF**

**(Negligence *Per Se*)**

36. Plaintiff incorporates all prior allegations as though fully set forth herein.

37. In the course of the motor vehicle accident described above, Defendant Roberts, violated C.R.S. § 42-4-1402, Careless Driving.

38. In the course of the motor vehicle accident described above, Defendant Roberts, violated C.R.S. § 42-4-203, Unsafe Vehicle.

39. Plaintiff is a member of the class of persons which the aforementioned statutes were intended to protect.

40. The purpose of the aforementioned statutes was to protect against the type of injuries or losses that Plaintiff sustained.

41. The above-described actions of Defendant Roberts constitute negligence *per se*.

42. As a direct, proximate, and foreseeable result of the negligence *per se* of Defendant Roberts, Plaintiff suffered physical injuries.

43. As a direct, proximate, and foreseeable result of the negligence *per se* of Defendant Roberts, Plaintiff suffered past damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills in amounts to be determined at the time of trial.

44. As a direct, proximate, and foreseeable result of the negligence of Defendant Roberts, Plaintiff will suffer future economic and non-economic damages, including permanent impairment in an amount to be determined at the time of trial.

**THIRD CLAIM FOR RELIEF**

***(RESPONDEAT SUPERIOR)***

45. Plaintiff incorporate all prior allegations as though fully set forth herein.

46. Upon information and belief, at all times pertinent to this action Defendant Roberts was employed by and acting within the course and scope of his employment or some other agency relationship with Defendant Dell

47. Pursuant to the doctrine of *respondeat superior*, Defendant Dell, is legally liable for the injuries, damages, and losses sustained by Plaintiff as set forth above.

48. As a direct, proximate, and foreseeable result of the negligence and negligence *per se* of Defendants Plaintiff physical injuries and past and future damages, including physical pain and suffering, inconvenience, loss of enjoyment of life, mental anguish, medical, hospital, and doctor bills, future loss of earnings and earning capacity, and/or permanent impairment in amounts to be determined at the time of trial.

WHEREFORE, Plaintiff respectfully requests this Court enter judgment against Defendants and in her favor for actual damages in an amount to be determined at the time of trial, pre-judgment interest from the date of the accident, post-judgment interest, costs, expert witness fees, and for such other and further relief as this Court deems proper.

Dated November 21, 2016.

FRANKLIN D. AZAR & ASSOCIATES, P.C.
By: */s/ Erica A. Vecchio*
Erica A. Vecchio
ATTORNEY FOR PLAINTIFF

**Plaintiffs' Address:**
**508 Brooke Way**

**Florence, Colorado**

*In accordance with C.R.C.P. 121, §1-26(9), a printed copy of this document with original signatures is being maintained by the filing party and will be made available for inspection by other parties or the Court upon request.*